UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT RINGO**                                                              **CIVIL ACTION**

**VERSUS**

**LIVINGSTON SHERIFF JASON ARD, ET AL.**                **NO. 15-0713-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 21, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT RINGO**                                                              **CIVIL ACTION**

**VERSUS**

**LIVINGSTON SHERIFF JASON ARD, ET AL.**                **NO. 15-0713-BAJ-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

Before the Court are several pending motions filed by Defendants herein, *see* R. Docs. 8, 15, 16, 19 and 20. Notwithstanding, the Court has been advised that the *pro se* plaintiff in this case, Robert Ringo, is deceased, having died on January 6, 2017. *See* Rule 25(a)(1) Statement Noting Death, R. Doc. 23. Unless or until a proper party is substituted in the place of the deceased, there is no party-plaintiff before the Court who may be served with the Court's Rulings or who may respond thereto, by appeal or otherwise. In addition, the Court finds that it would be a waste of the Court's limited judicial resources for the Court to expend time addressing the pending motions when the principal litigant is not before the Court. Accordingly, it is appropriate that the pending motions be terminated on the Court's Docket, without prejudice to re-assertion upon the substitution of a proper party-plaintiff herein.

In addition to the foregoing, the Court notes that Rule 25 of the Federal Rules of Civil Procedure addresses the actions that are appropriately undertaken by the parties and the Court upon the death of one of the litigants. Under this Rule:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's

---

[1] As the pending motions (R. Docs. 8, 15, 16 and 19) are seeking dismissal of claims asserted in this matter, and the other pending motion (R. Doc. 20) seeks to extend the deadline to oppose one of the pending motions to dismiss, the undersigned proceeds by Report and Recommendation.

successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Pursuant to this Rule, in order for the filing of a "statement noting the death" to be effective in starting the running of the 90-day period, it must be properly served. The courts have interpreted this requirement as mandating that the non-party successors or representatives of the deceased party's estate be personally served with the statement in the manner provided by Fed. R. Civ. P. 4 for the service of summons. Thus, as stated in *Sampson v. ASC Industries*, 780 F.3d 679 (5th Cir. 2015):

> Personal representatives of a deceased-plaintiff's estate are non-parties that must be personally served under Rule 25. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("[T]he suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.")… *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1995) ("Where … a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative."). "Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired. *Fariss*, 769 F.2d at 962.
>
> Service of the notice of death on the personal representative for a deceased-plaintiff's estate is generally required, even where it is difficult to determine who the personal representative is. *Id*. ("In some instances, it may prove more difficult to determine whom to serve, but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action."). Service on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate. *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) (holding that even though the attorney for the decedent's estate was noticed, the successor or representatives of the deceased-party's estate were required to be noticed as well).

780 F.3d at 681.

In the instant case, it appears from the record that the Rule 25(a)(1) Statement Noting Death (R. Doc. 23) has not been properly served on the successors of the deceased or the representatives of the deceased plaintiff's estate. *See* R. Doc. 23 at p. 2, wherein Defendants assert that "there is

no one on behalf of plaintiff upon which to serve this pleading" and certify that the Statement has only been sent by mail to Plaintiff's last known record address. In the absence of proper service, the 90-day period will not begin, and there is a risk that this matter may sit idle on the Court's Docket without any further resolution. This is a contingency that this Court will not condone. Accordingly, it is appropriate that Defendants be directed to take action to properly undertake service in this case.

## RECOMMENDATION

It is recommended that Defendants' pending motions in this proceeding (R. Docs. 8, 15, 16, 19 and 20) be terminated on the Court's Docket, without prejudice to re-assertion upon the substitution of a proper party-plaintiff herein. It is further recommended that Defendants be directed to undertake to personally serve the successors or representatives of the estate of the deceased Plaintiff, Robert Ringo, with the Rule 25(a)(1) Statement Noting Death filed in this proceeding (R. Doc. 23).

Signed in Baton Rouge, Louisiana, on February 21, 2017.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**